adjudication of bankruptcy does not divest a state court of jurisdiction over a pending suit for the foreclosure of a mortgage on property of the bankrupt, a fortiori, the mere filing of a petition in involuntary bankruptcy against the mortgagor does not divest such jurisdiction. In the present case, the decree of foreclosure was made before the adjudication of bankruptcy was made. The adjudication of bankruptcy did not divest the state court of its jurisdiction, or deprive the plaintiff in the foreclosure suit of his right to execute the decree of foreclosure by a sale of the property. The sale was made before the assignment to the assignee was made. There was no contempt of the authority of this court in executing the decree of sale, so far as to sell the property, and give a deed for it, in the absence of an injunction from this court. Nor was there any contempt committed in entering the judgment for deficiency, and there was no injunction against entering such judgment. But I do not intend now to decide that the judgment can be recognized by this court in these proceedings as a subsisting judgment, as against the assignee, or the estate in his hands, or the creditors thereof, or the bankrupt, Mary Irving; against whom it was entered. I only intend to decide, on the question of contempt, that the entering of such judgment was not a violation of any injunction, or an interference with any of the property of such bankrupt, Mary Irving. The proceedings for contempt are dismissed, with costs to be paid by the assignee out of the funds of the estate of the bankrupt, Mary Irving, in his hands.

## Case No. 7,074.

In re IRVING et al.

[17 N. B. R. 22.] [1]

District Court. S. D. New York.    Sept. 4, 1877.

E. T. Fellows, for assignee.
W. F. Scott, for creditor.

[1] [Reprinted by permission.]

BLATCHFORD, District Judge. The notes in question being made by Wise and indorsed by Irving & Son, and taken by Wise to E. F. Mead to be discounted, and the money for them being given by Mead to Wise, the transaction showed on its face that the indorsements were only accommodation indorsements. E. F. Mead, and L. Mead through him, were, therefore, chargeable with notice that Irving & Son were only sureties for Wise, and that the notes had not passed through the hands of Irving & Son in the ordinary course of their copartnership business; and, if Mary Irving did not consent to the making of the indorsements, she is not liable on the notes. Is there anything to repel the presumption which arises from the face of the transaction? It is for the creditor to show affirmatively sufficient to rebut the presumption. It is entirely clear that Mary Irving knew nothing of the indorsements, and did not consent to the making of them. It is not shown satisfactorily that the indorsements were in any way for the benefit of Irving & Son, as a firm, or that any of the money paid for the notes was applied to the purposes of the firm or went into the hands of the firm. In view of the conflicting evidence of E. F. Mead and Charles Irving it cannot be regarded as established, that E. F. Mead, or L. Mead through him, had any information before taking the notes and paying the money for them, that the notes or the indorsements were for the benefit, to any extent, of the firm of Irving & Son. There is no doubt that E. F. Mead and L. Mead required the indorsement of Irving & Son before they would take the notes. But that is not sufficient. I cannot concur with the register in his finding that these notes were regularly indorsed by Irving & Son in accordance with the business transactions between them and Wise. On the contrary, it distinctly appears that this was the first occasion on which Benjamin H. Irving had indorsed with the firm name any note made by Wise. The proof of debt by L. Mead against the firm must be expunged.

## Case No. 7,075.

IRVING v. FRAZIER.